The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: "Are the conditions precedent, incorporated into House Bill No. 1178 and imposed upon the federal government's acquisition of land within the State of Oklahoma constitutionally permissible ?" House Bill No. 1178 enacted by the 37th Legislature, First Regular Session, and effective May 9, 1979, amends 80 O.S. 1 [80-1] and 80 O.S. 6 [80-6] (1971) to read as follows: "1. A. The consent of this state is hereby given, in accordance with Section 8 of Article I of the Constitution of the United States, to the acquisition by the United States, by purchase, condemnation or otherwise, of any land in this state required for sites for custom houses, postoffices, arsenals, forts, magazines, dockyards, military reserves, irrigation or drainage projects, municipal water facilities or for needful public buildings. The consent of this state is also given to the acquisition of land by the United States, by condemnation only with the consent of the owner, or purchase, gift or exchange, for the purpose of consolidation within existing boundaries of National Forests within this state. B. Land outside of any incorporated municipality, which is being considered for acquisition by the United States for any other purpose, whether by fee or easement, may be acquired only after consent of a majority of the Legislature of the State of Oklahoma. Section 6. The State of Oklahoma shall retain a concurrent jurisdiction with the United States in and over any lands acquired, so far that civil process in all cases, and such criminal process as may issue under the authority of the State of Oklahoma against any person charged with the commission of any crime without or within said jurisdiction, may be executed thereon in like manner as if this act had not been passed. An analysis of HB 1178 reveals that there are three categories wherein the Legislature has given, conditioned or withheld its permission for the acquisition of land by the United States: (1) land acquired pursuant to Article1, Section 8, Clause 17 of the United States Constitution; (2) land acquired for consolidation within the boundaries of national forests; and (3) land outside municipalities acquired for any other purpose. The Legislature has imposed the condition that said land acquired for national forests be acquired either by purchase, gift or exchange, or by condemnation with the consent of the owner. As to lands acquired under the category "for all other purposes," the Legislature has all together withheld its consent, the consent required to be given by the Legislature on a case by case basis. Any lands acquired by the United States carries with it the condition that the lands are subject to a reservation of jurisdiction over those lands by the state. Article 1, Section 8, Clause 17 of the United States Constitution grants the federal government the power "to exercise exclusive legislation in all cases whatsoever, over the District of Columbia and to exercise like authority over all places purchased by the consent of the Legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." The Supreme Court of the United States has held that Article 1, Section 8, Clause 17 confers exclusive jurisdiction on the United States over lands received in accordance with that provision. St. Leavenworth R. Co. v. Lowe, 114 U.S. 525, 29 L.Ed. 264,5 S.Ct. 995 (1885). However, with respect to a reservation of civil and criminal jurisdiction by the states, the court in St. Leavenworth R. C., supra, stated: ". . . A reservation, which has been usually accompanied consent of states, that civil and criminal process of state courts may be served in places purchased by the federal government, is not considered as interfering in any respect with the supremacy of the United States over them, but is admitted to prevent them from becoming an asylum for fugitives from justice." See also James Stewart and Co. v. Sadrakula, 309 U.S. 94, 60 S.Ct. 431,84 L.Ed. 596, 127 ALR 821 (1940); Paul v. TJ.S., 371 U.S. 245,83 S.Ct. 426, 9 L.Ed.2d 292 (1962). However, exclusive federal jurisdiction may be tempered by additional reservations by the state. The court in Paul v. U.S., supra, explained that: "A state may not legislate with respect to a federal enclave unless it reserved the right to do so when it gave its consent to the purchase by the United States . . . ." Although it appears that under Article 1, Section 8, Clause 17, a state may reserve a concurrent jurisdiction unto itself, it is nevertheless subject to preemption by the Congress, under the supremacy clause, Article VI, Clause 2. Hancock v. Train, 426 U.S. 167,96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). Accordingly, with respect to land acquired pursuant to Article 1, Section 8, Clause 17, the state may impose the condition of retention of concurrent jurisdiction upon its consent, although it is subject to preemption by the federal government. With respect to lands acquired by means other than pursuant to Article 1, Section 8, Clause 17, held that when the United States acquires property by purchase, consent of the state must be secured before the federal government may obtain jurisdiction over the acquired property. Hayes v. U.S., C. A. Kan., 367 F.2d 216 (1966). Furthermore, if the United States acquires land by any method other than by purchase with the state's consent, it holds the land just as any other proprietor, except that the land may not be taxed by the state. Ryan v. State, 188 Wn. 115, 61 P.2d 1276
(1936), affirmed 58 S.Ct. 233, 302 U.S. 186,82 L.Ed. 187 (1937). The only limitation on retention of jurisdiction over lands acquired by the federal government by means other than pursuant to Article 1, Section 8, Clause 17 is that the state may not "legislate directly over the United States or its instrumentalities." U.S. v. Lewisburg Area School District, C. A. Pa. 1976, 539 F.2d 301. Therefore, the state may impose the condition of retention of jurisdiction on lands condemned, purchased or received by gift by the United States (other than Article 1, Section 8, Clause 17 lands) so long as the state action does not interfere with the federal purpose or have the effect of legislating directly over the United States. State of Oklahoma v. Cline, Okl. Cr. 322 P.2d 208 (1958). HB 1178 also places a condition on its consent to federal condemnation of lands for consolidation within national forests, specifically, that the federal government can condemn such lands only with the permission of the owner. For all other purposes, the Legislature has reserved unto itself the power to grant or withhold permission on a case by case basis and designates the Legislature as the consenting agent. The state need not give its consent to any acquisition of land by the federal government, and it can, if it chooses, defer its consent until a later date. U.S. v. Lewisburg Area School District, supra, Hayes v. U.S., supra. It is, therefore, the opinion of the Attorney General that House Bill No. 1178 imposes constitutionally permissible conditions precedent to the acquisition of land by the United States. (STEPHEN SHANBOUR) (ksg)